IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHY BEUTLER,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>    *Defendant.* | Case No. 2:21-cv-01647-JDW |

## **MEMORANDUM**

"[A] rule is a rule, and let's face it, without rules, there's chaos."

*Seinfeld: The Big Salad* (NBC television broadcast Sept. 29, 1994)

In two separate filings this week, Plaintiff's counsel has disregarded the Court's rules. On September 1, 2021, she filed an opposition to a motion to dismiss after the deadline to do so. The opposition is single-spaced, even though the Court's Policies and Procedures state, "All written submissions to the Court must be double-spaced …." (Policies and Procedures of Hon. Joshua D. Wolson, § II.B.1.[1]) Because the filing was late, the Court issued an Order to Show Cause why the Court should not strike the opposition. In its Order to Show Cause, the Court directed Plaintiff to file a memorandum that "complied with Judge Wolson's Policies and Procedures (***i.e., double-spaced***). (ECF No. 11 (emphasis

---

[1] http://www.paed.uscourts.gov/documents/procedures/wolpol.pdf

added). The Court thought its instruction was clear. But on September 2, 2021, Plaintiff's counsel filed a response that is again single-spaced. Plaintiff's counsel, it seems, takes direction from the Court about as well as Homer Simpson takes direction from the FBI's witness protection program. (*See The Simpsons: Cape Feare* (Fox television broadcast Oct. 7, 1993).)

    The Court has its rules for a reason. Some rules help ensure a level playing field. Others help the Court do its job. And while parties are always free to ask the Court for relief from a rule that imposes a burden, they are not free to disregard the Court's rules, let alone specific directives that the Court puts in its orders. No doubt, some might think that this transgression was minor and does not warrant the Court's attention. But that's a double-edged sword, because the burden of compliance was also minor. Plaintiff's counsel just had to change a setting on her word processor, nothing more. And, her violation was not something about which she can claim to have been unaware—it would have been obvious on the screen in front of her as she finalized her draft. The Court will not permit parties before it to choose the rules with which they comply and the rules that they ignore.

    That said, the minor nature of the transgression requires only a minor punishment. The Court will therefore strike the non-compliant response to the Court's Order to Show Cause. It will direct Plaintiff's counsel to file a compliant version before the deadline in the Court's Order to Show Cause (September 10, 2021). And, it will direct Plaintiff's counsel to include an addendum that (a)

explains why Plaintiff's counsel did not comply with the Court's rules the first time (hopefully that explanation will be more than, "I overlooked it") and (b) certifies that, since receiving this Memorandum, Plaintiff's counsel has re-reviewed the Court's Policies and Procedures and will comply with them going forward.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

September 3, 2021